Monnell, J.
The defendant in this case is a corporation created by or under the laws of this State, and an attachment against its property has been granted on. the ground of a fraudulent disposition of its property.
The motion is to vacate and set aside such attachment.
I have not been able to find any provision in the Code which authorizes the issuing of an attachment against a domestic corporation. The question is new, and has not, that I am aware, been adjudicated upon.
If the power to grant attachments against property, which is given in terms by section 227 of the Code, was confined to that section, it might be interpreted to embrace domestic as well as foreign corporations; for although it declares that in actions, &c., “ against a corporation created by or under the laws of any other State, government, or country, or against a defendant who is not a resident of this State, or against a defendant who has absconded or concealed himself,” the plaintiff may have the defendant’s property attached; yet it also provides, that “whenever any person or corporation is about to remove any of his or its property from this State, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his or its property, with intent to defraud *420 creditors,” &c., an attachment in like manner may be issued. There therefore seem to be, not only two classes of defendants, but two classes of cases, subject to the provisions of that section : (1) Foreign corporations and non-resident, absconding, or concealed defendants, in the one class; and (2) persons and corporations doing or intending to do some of the acts specified to defraud creditors, in the other class. The term “ corporation,” where it occurs the second time in the section, unlike its occurrence in the first part, is not, apparently, restricted or confined to foreign corporations, but is general; and if the section stood alone, might well be construed to mean any corporation; and strength, therefore, would be given to such construction, by the fact that the property of a foreign corporation can be attached as of course, and without any allegation of a fraudulent disposition of it, whereas the property of other corporations, necessarily including such as were created by or under the laws of this State, can be attached only on proof of an intention to defraud creditors : thus rendering the use of the term “ corporation ” in the second branch of the section unnecessary, unless it was the intention of the legislature to apply the section to such latter corporations. I should yield to this construction were there not other parts of the Code which seem to me to wholly destroy the inference.
Although the section referred to specifies the case in which attachments may issue, and apparently includes domestic corporations, yet the requisite proof to obtain their issue is prescribed in section 229. That section provides that “ the warrant may be issued whenever it shall appear, by affidavit, that a cause of action exists * * * and that the defendant is either a foreign corporation, or not a resident of this State, or has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent; or that such corporation or person has removed, or is about to remove, any of his or its property from this State, with intent to defraud his or its creditors; or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his or its property, with the like intent, whether such defendant be a resident of this State or not.”
*421 It will be seen that in this section, which prescribes the manner and substance of the proof required, the words “ such corporation” is employed, which necessarily, it seems to me, refers to the foreign corporation in the beginning of the section, and not to the term “ corporation ” in section 227. It would be difficult, I think, to discern a satisfactory reason for the change or difference of designation in the two sections, unless upon the supposition that the direct and immediate reference intended by the word “ such ” was deemed more important in the section which prescribes the nature of the proof required, than in the section which designates the cases in which attachments may be issued; or that it was omitted, through oversight or mistake, from the first section.
It cannot be said, in reference to section 229, that the apparent or seeming want of any necessity in section 227 for a further provision for attachments against foreign corporations or non-resident defendants being required (inasmuch as their property can be attached without proof of a fraudulent intent), is a reason for the belief that the legislature intended the latter proof to apply to domestic corporations or residents of the State only; for the latter clause of section 229 in express terms authorizes the issuing of attachments, upon proof of a fraudulent intent, “ whether such defendant be a resident of this State or not;” thus clearly including non-residents among those whose property may be attached, upon proof of its fraudulent disposition, notwithstanding an attachment may be issued upon proof of non-residence merely.
This accumulative proof, so seemingly unnecessary in the case of non-residents, aids us in getting at the intention of the legislature, which would seem to have been that the property of foreign corporations only, was to be made liable to seizure on attachment; for otherwise the word “such” would have no significance. It seems to me, therefore, that not only the literal reading, but also the fair interpretation of the two sections taken together, is that foreign corporations only were intended to be subjected to the law of attachments in actions.
There is another section which strengthens the view I have taken of this question. Section 239 provides that “if the foreign corporation, or absent, or absconding, or concealed de *422 fendant, recover judgment against the plaintiff in such action,” &c., the sheriff shall deliver the property attached, or the proceeds, to the defendant; that the warrant be discharged and the property released from the attachment. In that section corporations other than foreign are not mentioned, and no provision is made for a judgment in favor of a domestic corporation ; thus leading to the conclusion that such corporations were not included- in the class mentioned in the previous .sections.
Under the Bevised Statutes, attachments against pro y e were allowed only against foreign corporations and absconding, concealed, or non-resident debtors (2 Rev. Stat., 1, 459); and therefore the provisions of the Code extending such provisional remedy to debtors who had fraudulently disposed of their property, is new.
It may be, that in excluding corporations existing under the - laws of this State, the legislature had in view the power which the Bevised Statutes has given to the courts (2 Rev. Stat., 462, § 33, subd. 7-8), to set aside alienations of property, made by trustees or other officers of corporations for purposes foreign to the lawful business and objects of the corporation; and to restrain and yuevent any such alienations, in cases where it may be threatened; and that such power was regarded as a sufficient remedy and protection to creditors, without extending to them the remedy which the Code provides.
I have referred, I believe, to all the provisions of the Code which can aid in determining the question presented upon t.Tria motion; and their examination has satisfied me that they do not authorize the property of corporations created by or under the laws of this State to be attached.
The motion to set aside the attachment must, therefore, be granted.